NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| CHRISTOS ARGIRIS,<br><br>        Appellant,<br><br>v.<br><br>ESTATE OF KENNETH H. ANDERS SR.,<br>SCOTT M. ANDERS, KENNETH<br>ANDERS JR., KATHLEEN ANDERS, and<br>ANY PERSON Claiming an Interest in the<br>Estate of KENNETH H. ANDERS SR.,<br><br>        Appellees. | Supreme Court No. S-17565<br><br>Superior Court No. 3AN-18-04565 CI<br><br>MEMORANDUM OPINION<br>AND JUDGMENT[*]<br><br>No. 1811 – January 13, 2020 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Jennifer Henderson, Judge.

Appearances: Christos Argiris, pro se, Moose Pass, Appellant. No appearance by Appellees.

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices.

I. **INTRODUCTION**

A quiet title claimant requested a trial continuance following a serious car accident. The superior court granted the continuance, stating that it would send the parties written notice confirming the new date. The court then failed to provide written notice of the rescheduled trial date, and the claimant failed to appear at the scheduled

---

[*]     Entered under Alaska Appellate Rule 214.

trial. The court ruled against the claimant. The claimant sought reconsideration, arguing that the court's failure to issue a written notice of the new trial date was an abuse of discretion and violated his due process rights. The court denied reconsideration. The claimant appeals. Because we agree that it was an abuse of discretion to not serve written notice of the new trial date on the claimant, we vacate the superior court's decisions and remand for a new trial.

## II. BACKGROUND

In January 2007 Christos Argiris and Kenneth Anders obtained title to real property as equal co-tenants, giving the seller a promissory note secured by a deed of trust for the balance of the purchase price. The alleged nature and performance of the agreement between Argiris and Anders gave rise to the underlying quiet title action by Argiris.

Anders died in June 2007. In February 2018 Argiris hired an attorney to file a quiet title action to declare Argiris the sole owner of the property, subject to the seller's deed of trust. The complaint named Anders's estate and three children as defendants.[1] Argiris alleged that he had borrowed money from Anders to purchase the property in 2007 and that Anders was listed on the property deed to secure payment of the loan. Argiris alleged that he and Anders had an agreement that Anders would convey his interest in the property to Argiris when Argiris repaid the loan. Argiris further alleged that before Anders died Argiris had repaid the loan but that Anders had not conveyed his property interest to Argiris. Argiris argued that because he had control of the property, had paid all mortgage payments and property taxes, had performed all

---

[1] Anders's children are: Kenneth Anders, Jr., the personal representative of Anders's estate; Scott Anders; and Kathleen Anders. We refer to Kenneth Anders, Jr. as Kenneth to distinguish him from his father. Neither Anders's estate nor Anders's other children are participating in this appeal.

repairs on the property, and reported all of the property-related transactions on his personal federal income tax returns since Anders's death, Anders's estate and children had no interest in the property.

Kenneth and his sister, representing themselves, filed letter-style answers asserting that Anders had supplied all of the money for the down payment on the property purchase and in return received a half-interest in the property as a full partner owner. They asserted that Kenneth had been the estate's personal representative and was familiar with Anders's finances, and that there was no documentary evidence showing that Argiris had purchased Anders's interest in the property.

The court held a status hearing in February 2019 and scheduled trial for June 13. Kenneth moved for summary judgment in early June. He argued that his father "provided all funds for the initial purchase of [the] subject property. There are no financial records showing [that Argiris] bought the Estate's interest in the property." Kenneth attached statements from his father's bank accounts indicating that payment was never received.

Both parties appeared for the scheduled trial date of June 13. Argiris explained that he had recently been in a "bad car wreck." He told the court that he was "totally unprepared" to proceed with trial due to the accident as well as his attorney's recent withdrawal. Argiris asked the court to continue the trial date and requested more time to respond to Kenneth's summary judgment motion.

The court set June 28 as the deadline for Argiris's response to the summary judgment motion and stated that it would provide a copy of the motion to Argiris. In response to Argiris's comment that he did not need to write the new date down because the court was sending a copy of the motion, the court confirmed it would provide a copy and again told him, "You have until June 28th, okay?"

The court next granted Argiris's requested continuance and scheduled trial for August 7, after confirming that the date would provide him sufficient time to prepare. The court then stated, "We're going to send out a paper [notice] that says that as well so that you each have that in writing." The hearing ended without further discussion of scheduling.

On June 27 Argiris filed his opposition to summary judgment with affidavits from two individuals who said they had witnessed his payments to Anders. Argiris also provided a receipt that he said Anders signed for "$3,900 cash" for "[f]inal payment of personal loan for property purchase." Argiris reiterated that he "paid all the taxes, insurance, and repairs and property maintenance . . . totaling well over an estimated $434,980.00." Argiris argued that Kenneth "would have NO knowledge of what verbal financial agreements occurred between his father and . . . Argiris" because Kenneth "never saw his father until he was in hospice care." (Emphasis in original.)

The court denied summary judgment, noting that "[t]he parties' briefing, and attached evidence, establish a genuine factual question . . . such that trial is appropriate, unless the parties are able to reach settlement." The parties did not reach a settlement.

Argiris did not appear for trial. After describing its efforts to reach Argiris by telephone, the court stated that "both [parties] had notice of today's proceeding and the ability to prepare" and that it would therefore allow Kenneth to present his case and exhibits. The court stated that "if [Argiris] does not join the proceeding then I will just make a decision based on what [Kenneth] told me."

Kenneth presented argument and exhibits to the court, contending that "none of the facts that [Argiris] put into evidence line up." Kenneth urged the court "to close this up and decide for" the estate. The court, "based on the information [Kenneth] provided and Mr. Argiris's failure to appear for trial," found that Kenneth provided

"credible evidence" and the evidence in Argiris's opposition to summary judgment was "tenuous" and not credible. The court ruled that Kenneth's father had "maintained his interest in the property and his estate then maintains that interest."

On August 12 the court issued a written order summarizing its findings on the record. After determining that Argiris had received sufficient notice of the trial date and time, and noting that it had granted Argiris's request to continue the trial to that date, it found that Kenneth's father "did not convey his interest in the land at issue to . . . Argiris." The court held that the estate "maintains its stated interest in that real property" and found Argiris's claims against the estate "to be without basis."

Argiris moved for reconsideration. He acknowledged he had been present when the trial date was set, but he believed that the court would "send him a notice" confirming the trial date. He stated he had "asked the Court to repeat the trial date so that he could write it down" and that the court "stated that [it] would issue a Calendaring Order and did not repeat the date for him." Argiris argued that because he did not receive the promised notice, he "not only had NO time to prepare his witnesses and exhibits, but [he] completely missed his trial." (Emphasis in original.)

The court denied reconsideration. Its order stated that "the [c]ourt reiterated [the] trial date more than once during the June 13th proceeding" and determined that "[t]he parties continue to have a responsibility to maintain awareness of the hearing dates in their case." The order admitted, "The undersigned judge did indicate that a written calendaring notice would issue" but "that was purely a courtesy to the parties" and Argiris could have "inquire[d] . . . about that written confirmation."

Argiris appeals.

## III. DISCUSSION

"We review the superior court's procedural decisions for abuse of discretion."[2] "An abuse of discretion exists when a party has been deprived of a substantial right or seriously prejudiced by the lower court's ruling."[3] "We will find an abuse of discretion 'only when, after reviewing the entire record, we are left with a definite and firm conviction that the lower court erred.' "[4]

Argiris argues that the superior court abused its discretion by informing the parties that it would send out a written notice of the new trial date and failing to do so. We agree.

Alaska Civil Rule 16(b)(1) requires that "the judge shall enter a scheduling order that limits or establishes the time . . . (H) for trial or the trial setting conference." Rule 16(e) requires that "[a]fter any conference held pursuant to this rule, an order shall be entered reciting the action taken."

After the superior court granted Argiris a continuance and informed him that it would send him notice of the new date in writing, the superior court failed to do so. Despite the court's belief that a written notice was "purely a courtesy to the parties," the written notice was required by rule.[5] Argiris contends that he intended to call witnesses and present documentary exhibits at trial. Because the court failed to issue the mandatory scheduling notice, Argiris was "deprived of a substantial right [and] seriously

---

[2]     *Brotherton v. Warner*, 240 P.3d 1225, 1228 (Alaska 2010) (citing *Rockstad v. Erikson*, 113 P.3d 1215, 1220 (Alaska 2005)).

[3]     *Azimi*, 254 P.3d at 1059 (Alaska 2011) (quoting *House v. House*, 779 P.2d 1204, 1206 (Alaska 1989)).

[4]     *Brotherton*, 240 P.3d at 1228 (quoting *Smith v. Groleske*, 196 P.3d 1102, 1105-06 (Alaska 2008)).

[5]     *See* Alaska R. Civ. P. 16(b)(1), (e).

prejudiced by the lower court's ruling." He was deprived of the opportunity to present his case, which may have resulted in a ruling against him.

## IV.   CONCLUSION

The superior court's failure to comply with Rules 16(b) and (e) was an abuse of discretion.[6] We VACATE the superior court's order and REMAND this case to the superior court for further proceedings.

---

[6]   Because we conclude that the court's failure to issue a scheduling order was an abuse of discretion, we do not reach Argiris's argument that the superior court's decision to proceed with trial and to enter judgment in favor of Kenneth and the estate violated Argiris's due process rights. Argiris also argues that "[Kenneth] [d]id NOT have authority to represent the estate in this case. The judge even informed him of that at the trial . . . when she stated 'The estate should be represented by an attorney.' " (Emphasis in original.) However, because this argument is raised for the first time on appeal, it is waived. *See Hoffman Constr. Co. of Alaska v. U.S. Fabrication & Erection, Inc.*, 32 P.3d 346, 355 (Alaska 2001) ("As a general rule, we will not consider arguments for the first time on appeal.").